# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00028-CV

**In re Hewlett Packard, Scott Bartlow, Brian Thome, and Brandon McLamb**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## O P I N I O N

This is an original proceeding seeking a writ of mandamus to direct the Honorable Ken Anderson of the 277th Judicial District Court of Williamson County, Texas, to vacate his order of January 6, 2006, granting Dell's motion to take depositions prior to suit of Scott Bartlow, Brian Thome, and Brandon (Charles) McLamb pursuant to rule 202. *See* Tex. R. Civ. P. 202. Relators are Hewlett-Packard Company, Scott Bartlow, Brian Thome, and Brandon (Charles) McLamb. The proposed deponents are former employees of Dell who are now employed at Hewlett-Packard. Each of the proposed deponents had signed employment agreements while employed at Dell limiting their disclosure of confidential and proprietary information of Dell both during and after their employment. They also signed new employment agreements with Hewlett-Packard limiting their disclosure of confidential and proprietary information of Hewlett-Packard. Dell claims that it suspects the proposed deponents are misappropriating Dell's trade secrets for the benefit of Hewlett-

Packard and seeks to investigate its suspicions by utilizing rule 202 pre-suit depositions of its former employees.

On November 17, 2005, Dell filed a verified petition pursuant to rule 202 to take the pre-suit depositions of Bartlow, Thome, and McLamb to investigate potential claims that Dell may have against relators for the misappropriation of Dell's trade secrets. Dell noted in its petition it believed that the deponents might be required to disclose confidential information of Dell and Hewlett-Packard during their depositions, and requested a protective order limiting access to such disclosures to the parties and their lawyers. On January 6, 2006, Judge Anderson granted Dell's petition and entered an agreed protective order with respect to any confidential or trade secret information that may be disclosed during the depositions.

The question before us is whether the trial court abused its discretion in granting Dell's petition to take pre-suit depositions of Bartlow, Thome, and McLamb and, in the process, discover trade secret information of Hewlett-Packard. Relators argue Dell has failed to establish that the benefit of allowing the requested depositions outweighs the burden or expense of the procedure as required by rule 202 and, more particularly, that Dell has failed to meet its burden to establish the need to discover trade secret information of Hewlett-Packard under the circumstances presented. We conditionally grant mandamus relief.

While employed at Dell, the proposed deponents developed Dell's enterprise data warehouse system. One component of this system is known as "D3 Dell Data Direct™" or "D3," which serves as a direct interface into the system and allows Dell's business teams to operate its world-wide business efficiently and with more information. As programmers/managers, the proposed deponents created source code integral to D3 and developed a set of proprietary software

2

tools used in the "extraction, transformation and load" ("ETL") process. While employed at Dell, each of the proposed deponents signed employment agreements limiting the disclosure and use of Dell's intellectual property as well as Dell's confidential or proprietary information. According to Dell, the source code, schematics, and other technical data incorporated into the development of D3 and the ETL tools are trade secrets of Dell that are not known to Dell's competitors.

In October 2005, the proposed deponents resigned from Dell and went to work for Hewlett-Packard. Dell suspects the proposed deponents are misappropriating Dell's trade secrets for the benefit of Hewlett-Packard. In November, Dell filed a Verified Petition to Take Depositions Before Suit to "investigate potential claims it may have against various parties." According to the petition, Dell suspects that the proposed deponents are developing an enterprise data warehouse for Hewlett-Packard modeled on Dell's unique D3 interface and ETL components. Dell seeks to depose these individuals to discover "the job responsibilities of those former Dell employees at HP, the information those individuals may have taken from Dell and provided to HP, and the Proposed Deponent's knowledge of the development by HP of a project similar to or based on Dell's enterprise data warehouse solution."

On December 2, 2005, Hewlett-Packard intervened, arguing that Dell should not be allowed to discover the details of what the proposed deponents are doing for Hewlett-Packard because such information is a trade secret. On December 6, 2005, the district court held an evidentiary hearing on Dell's request to take the rule 202 depositions. On January 6, 2006, the trial court granted Dell's petition based on a finding (required by rule 202) that "the likely benefit of allowing Dell, Inc. to take the requested depositions to investigate potential claims outweighs the

3

burden or expense of this procedure." *See* Tex. R. Civ. P. 202. The trial court also found that a protective order would adequately protect the confidential information of the parties or their employers that may be disclosed in the requested depositions. The depositions of Bartlow, Thome, and McLamb were scheduled for January 25, 26 and 27, respectively.

On January 19, 2006, relators filed this original proceeding, arguing that (1) the burden of the requested depositions upon Hewlett-Packard and the proposed deponents outweighs any potential benefit to Dell, and (2) the trial court erred in permitting the disclosure of Hewlett-Packard's trade secrets because Dell has not established the need for discovering those trade secrets. Relators simultaneously filed a motion requesting emergency relief to stay the scheduled depositions pending this Court's resolution of the mandamus proceeding. On January 20, 2006, this Court granted relators' motion for emergency relief and stayed the scheduled depositions.

Mandamus is an extraordinary remedy, available only when a trial court abuses its discretion and when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer,* 827 S.W.3d 833, 839 (Tex. 1992) (orig. proceeding). In this case, relators have no adequate remedy on appeal because their only opportunity to appeal the trial court's order would occur after the depositions have occurred and trade secrets disclosed. *See In re Akzo Nobel Chemical Co.,* 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig. proceeding). Furthermore, an order pursuant to rule 202 allowing pre-suit discovery incident to a contemplated lawsuit against the party from whom the discovery is sought is not a final,

4

appealable order. *IFS Sec. Group, Inc. v. American Equity Ins. Co.*, 175 S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.). Therefore, mandamus is proper and we review the trial court's order granting Dell's Verified Petition to Take Depositions Before Suit under an abuse of discretion standard.

Relators contend that Dell has failed to make the required showing pursuant to rule 202 that the likely benefit of the requested depositions outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.1(b). Under rule 202, a person may petition the court for an order authorizing the taking of a deposition to investigate a potential claim or suit without actually filing a lawsuit. *See id.* The trial court shall authorize a pre-suit deposition if, and only if, the court finds that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *Id.* At the evidentiary hearing on Dell's Verified Petition to Take Depositions Before Suit, counsel for Dell stated:

> The benefit to Dell is allowing taking a couple of depositions to find out and investigate its potential claims based on the information that's out there. And there may be perfectly innocent explanations as [counsel for Hewlett-Packard] is saying. We don't know for sure. We just know there's a lot of stuff going on, a lot of concerns that we have. . . . And if it's decided that yes, there are claims that we have because of what's been going on, the depositions certainly aren't in waste. If it turns out that the deposition[s] show it is a legitimate explanation and we do not want to go forward, the depositions haven't been in waste because it saved everybody a lot of time and energy that would be expended if there was actually a lawsuit filed.

In other words, according to Dell, if the testimony of the proposed deponents confirms Dell's suspicions that Hewlett-Packard is misappropriating Dell's trade secrets, Dell will benefit from the knowledge that a lawsuit against Hewlett-Packard is warranted. If, on the other hand, the testimony

of the proposed deponents reveals that Hewlett-Packard is not misappropriating any of Dell's trade secrets, the benefit to both parties will be the saved expense of prosecuting and defending a lawsuit.

Relators argue that Dell has failed to articulate how these proposed benefits would outweigh the substantial burden imposed on the relators. Both parties agree that a significant burden of the requested depositions is the likelihood that the depositions will reveal Hewlett-Packard's confidential information and trade secrets. The evidence in the record explains the burden on Hewlett-Packard in terms of the impact on Hewlett-Packard's ability to compete with Dell and other large technology businesses. According to Randall D. Mott,[1] the executive vice president and chief information officer of Hewlett-Packard:

> the disclosure of HP's Confidential Information regarding its efforts to develop a unique, original electronic data warehousing system to Dell (or to any of HP's competitors) would cause HP to suffer grave and irreparable harm. . . .would cause HP to lose all such resources it had invested so far, would require HP to invest extensive additional resources in repairing such damages and restarting its efforts to create its warehousing system, would give Dell a competitive advantage over HP with regard to such warehousing systems and otherwise, and would provide HP competitors with additional confidential information regarding HP's business and business strategy.

---

[1] Dell complains that the affidavit of Randall Mott was not formally offered into evidence at the December 6, 2005, hearing. However, the record shows that Dell had notice that an unsigned version of that affidavit had been made part of the record, along with a representation that the original affidavit was forthcoming, four days prior to the hearing. Also, relators' counsel presented the signed affidavit to both Judge Anderson and Dell's counsel during the December 6 hearing without objection. Dell did not raise any complaint or argument regarding a defect with the Mott affidavit in the trial court. Any error in its admission or consideration by the trial court is, therefore, waived. *See* Tex. R. App. P. 33.1.

6

This testimony was not controverted by Dell. The record also reflects that each of the proposed deponents has signed and is bound by a confidentiality and/or non-disclosure agreement with Hewlett-Packard regarding Hewlett-Packard's confidential information and trade secrets. It is undisputed that the proposed deponents may be required to disclose trade secret information governed by both their agreements with Hewlett-Packard and their agreements with Dell if the requested depositions are allowed to proceed.

Requiring an individual to sit for a deposition and disclose information to a former employer, under oath, as to why he or she left their employ to work for a competitor as well as exactly what the individual is doing for the competitor, particularly when no lawsuit has been filed, is a substantial burden. It is intrusive, expensive, and time-consuming. Add to that the complications involved in responding to questions designed to ferret out trade secret information of the individual's current employer, together with how such information might or might not have been affected by knowledge gained while with a previous employer, and the burden of such a deposition becomes even more onerous. For Dell to be entitled to rule 202 depositions under these circumstances, the likely benefit of the depositions must outweigh this substantial burden. The benefit articulated by Dell is that Dell may be able to determine whether it has legitimate claims against relators. Such knowledge would likely be a benefit to Dell. However, this benefit, alone, does not outweigh the burden imposed on the potential deponents, particularly where valuable trade secrets are involved.

Dell's view of rule 202's benefit/burden analysis would allow individuals or companies to take pre-suit depositions of business competitors in a broad range of circumstances

7

because the expense of taking a limited number of depositions can almost always be argued to be less than the expense of filing and prosecuting a lawsuit. Allowing companies to conduct pre-suit depositions based solely on the possibility that a lawsuit may be avoided would allow companies to use rule 202 to gain access to the trade secrets of competitors under the pretext of investigating suspected, but unknown, claims. In light of the substantial burden to Hewlett-Packard and the proposed deponents, as well as the danger that potential litigants could use rule 202 for anti-competitive purposes, we conclude that Dell has not met its burden of establishing that the benefit of the requested depositions in the situation presented by this case outweighs the burden or expense of the procedure.

Relators also contend that the trial court abused its discretion by allowing discovery of Hewlett-Packard's trade secrets without a showing that the discovery is necessary to a fair adjudication of a claim or defense by Dell. In Texas, trade secrets receive heightened protection during discovery. *See John Paul Mitchell Sys. v. Randalls Food Markets, Inc.,* 17 S.W.3d 721, 737 (Tex. App.—Austin 2000, pet. denied) (quoting *In re Continental Gen. Tire, Inc.,* 979 S.W.2d 609, 613-14)). Specifically, a trial court must undertake a burden-shifting analysis when determining whether a trade secret must be disclosed. *See In re Continental Gen. Tire, Inc.*, 979 S.W.2d at 613. First, the party resisting discovery must establish that the information is, in fact, a trade secret. *Id*. If the resisting party meets this burden of establishing that the information is a trade secret, the burden then shifts to the requesting party to establish that the information is "necessary for a fair adjudication of its claims." *Id*. A party seeking trade secret information "must demonstrate with specificity exactly how the lack of the information will impair the presentation of the case on the

merits to the point that an unjust result is a real, rather than a merely possible, threat." *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 733 (Tex. 2003). In order for a trial court to determine whether the trade secret production is necessary for a fair adjudication of a claim or defense, a claim or defense must first exist. *See In re Bass*, 113 S.W.3d 735, 743 (Tex. 2003).

Here, it is undisputed that Dell is attempting to discover information that is a confidential trade secret of Hewlett-Packard. Dell, however, has presented no evidence establishing the necessity of the requested information for the fair adjudication of any claims against any party. Instead, the record shows that Dell is admittedly unsure whether a valid claim against Hewlett-Packard exists. Dell acknowledges that it has not filed any claims against any of the relators. When the issue of discovery of trade secrets arises in the context of a rule 202 deposition request, it will be difficult—if not impossible—for a rule 202 petitioner relying on the investigatory purpose of rule 202 to meet his or her burden to establish the necessity of the information to adjudicate a claim or defense. This is because, by its very nature, a rule 202 proceeding to investigate claims does not involve the adjudication of any claim or defense. It involves only the investigation of potential claims. The standard for allowing discovery of trade secrets under *Bass*, *Bridgestone/Firestone*, and *Continental General Tire* requires a showing of necessity for the information to adjudicate existing claims or defenses. *See In re Bass*, 113 S.W.3d at 743; *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d at 731; *In re Continental Gen. Tire, Inc.*, 979 S.W.2d at 612. The trial court must weigh the degree of the requesting party's need for the information against the potential harm to the resisting party from disclosure. *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d at 732. Thus, the balance is between the need for confidentiality versus the need to adjudicate existing disputes. The standard

9

is not based on a potential litigant's desire to obtain confidential information merely to evaluate possible or suspected claims. If it were, business entities would have an extraordinary tool to obtain the trade secrets of their competitors whether or not they have a legitimate dispute with the competitor. We do not believe rule 202 was intended to be used this way.

As set out in *Bridgestone/Firestone*, the party seeking the trade secret information must demonstrate with specificity how the lack of the information will impair the presentation of a case on the merits. 106 S.W.3d at 733. The threat of an unjust result must be real and not just possible. *Id.* In this situation, Dell's claims against Hewlett-Packard or its former employees do not yet exist. They are potential claims only. As Dell acknowledges, there is a possibility that it has no claims against the relators. Thus, without more, Dell cannot show that impairment of its presentation of a claim on the merits is anything more than a possibility, much less that any such possible impairment would threaten an unjust result. There is no lawsuit pending in which a result is going to happen. Consequently, Dell has not established the necessity of discovering Hewlett-Packard's trade secret information as required by Texas law.

The point is illustrated by the possibility, admitted by Dell, that the requested discovery could very well reveal no wrongful conduct by the relators. In such an event, no claim would be filed by Dell. Dell would have had access to its competitor's trade secrets without *any* need for the information to adjudicate a claim or defense, because the claim or defense never existed. This highlights the need for a claim to be known, filed, and in dispute to allow a court to conduct the appropriate balancing test when disclosure of trade secrets is involved. The elements necessary for a court to conduct such a balancing test will rarely, if ever, be present in the context of a rule 202

petition for pre-suit depositions. Therefore, the trial court's order permitting Dell to discover Hewlett-Packard's trade secrets without having conducted a balancing test weighing the harm to Hewlett-Packard against a need by Dell to have the information to prosecute an existing, known claim constitutes an abuse of discretion. *See In re Bass,* 113 S.W.3d at 738 ("If a trial court orders production once trade secret status is proven, but the party seeking production has not shown a necessity for the requested materials, the trial court's action is an abuse of discretion.").

Furthermore, we disagree with Dell's contention that "the trial court's protective order imposes appropriate safeguards to protect both Dell's and Hewlett-Packard's proprietary information in the handling of the three depositions." That a trial court has ordered the parties to enter into a protective order with respect to trade secret information does not dispense with the requesting party's burden to establish the necessity for the discovery of the trade secret information to fairly adjudicate a claim or defense. *See In re Continental Gen. Tire, Inc.*, 979 S.W.2d at 610. Therefore, because Dell has not established the necessity of discovering Hewlett-Packard's trade secret information in order to fairly adjudicate a claim or defense, Dell is not entitled to discover the information regardless of whether a protective order is entered by the court.

We hold that Dell has not established that the benefit of the requested depositions outweighs the potential burden or expense of the procedure as required by rule 202. We also hold that Dell has not established that the discovery of Hewlett-Packard's trade secret information is necessary for the fair adjudication of an existing claim or defense. Therefore, the trial court abused its discretion in granting Dell's Verified Petition to Take Depositions Before Suit. Accordingly, we conditionally grant mandamus relief and order the trial court to vacate its January 6, 2006, order

11

granting Dell's rule 202 petition.  The writ will issue only in the event that the trial court does not act in accord with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Filed:   May 12, 2006