In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-352 CV


____________________



IN RE THE WOODLANDS COUNTRY CLUB






Original Proceeding






MEMORANDUM OPINION


 The Woodlands Country Club filed a petition for writ of mandamus seeking relief
from a discovery order in a proceeding to take a pre-suit deposition. The real parties in
interest, James Kelly and Elizabeth Kelly, issued a subpoena duces tecum for documents
covering January 1, 2002, to the present and relating to prices charged for Club memberships,
reduced pricing for particular individuals, marketing of Club memberships, and the name and
location of each owner of a Club interest. The trial court denied the Relator's motion for a
protective order and overruled its objections to the subpoena duces tecum. We stayed the
production of documents pursuant to subpoena duces tecum while we considered the petition
and response.

 At the time the trial court issued its order, the matter was before the trial court as a
pre-suit petition to take a deposition in investigation of a claim. See Tex. R. Civ. P. 202. 
The trial court found that the likely benefit of allowing the deposition to investigate a
potential claim outweighs the burden or expense of the procedure. See Tex. R. Civ. P.
202.4(a)(2). The Kellys' stated interest in the subject matter of the anticipated litigation
"revolves around a breach of contract and deceptive practices concerning a club
membership." The relator produced the Kellys' membership file, but contends documents
unrelated to the Kellys' membership have no relevance to the claim under investigation.

 Discovery requests must be reasonably tailored to include only those matters relevant
to the case. In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003). Only the Kellys' club
membership is at issue, but the discovery request covers documents with no connection to
the Kellys' transaction. The relator's transactions with others have no bearing upon whether
the relator breached its contract with the Kellys or whether it made misrepresentations to the
Kellys regarding their membership.

 To support its motion for protective order, the relator attached an affidavit from its
managing director. The affidavit states that the Kellys' discovery requests require him to
produce private and confidential information not related to the Kellys' membership and
would require 240 hours of work to review 3200 files, separate the responsive documents,
and redact confidential information from the responsive documents. The Kellys did not file
a controverting affidavit, and the trial court ruled without conducting the evidentiary hearing
requested by the relator.

 To be entitled to a Rule 202 deposition, the likely benefit of the deposition must
outweigh the substantial burden of responding to the subpoena duces tecum. See In re
Hewlett Packard, 212 S.W.3d 356, 362 (Tex. App.--Austin 2006, orig. proceeding [mand.
denied]). The benefit articulated by the Kellys is that they will be able to determine whether
the relator demonstrates a pattern of unconscionable activity and may discover the identity
of other "victims." The ordered discovery imposes a significant burden to produce
documents of marginal and speculative benefit to the Kellys. In particular, the Kellys' stated
desire to search the relator's records for other potential plaintiffs underscores that they are
not seeking documents tailored to their case.

 After the trial court entered its order, and apparently after the relator filed its petition
for writ of mandamus, the Kellys amended their pleadings to state a claim for damages. 
Their petition for damages was not before the trial court when the trial court issued its order,
and they have not provided a copy of the petition with their response to the petition for writ
of mandamus. We consider only the record before the trial court when it entered the order
at issue. See In re Ghanem, 203 S.W.3d 896, 898 (Tex. App.--Beaumont 2006, orig.
proceeding).

 Finally, the Kellys argue that the relator waived its complaint regarding the pre-suit
deposition because it was dilatory in seeking relief. The relator raised the burden and
expense in its answer before the Kellys issued the notice of deposition, filed their objections
before the deposition, requested a hearing, and filed a brief. The relator diligently pursued
the protection of the courts.

 Mandamus is the proper remedy when the trial court orders overly broad discovery. 
Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995). We sustain the issue and hold
that the trial court abused its discretion by ordering the relator to produce over five years of
documents relating to prices charged for Club memberships, reduced pricing for particular
individuals, marketing of Club memberships, and the name and location of owners of an
interest in the county club. We conditionally grant the petition for writ of mandamus and
direct the trial court to vacate its order of June 22, 2007, as to production requests 11 through
14. Any further discovery order must be tailored to include only matters relevant to the
issues in the case, without imposing an unreasonable burden on the producing party or
requiring the disclosure of private or confidential information. We are confident that the trial
court will promptly comply with our opinion. The writ will issue only if the court does not
do so.

 WRIT CONDITIONALLY GRANTED.



 PER CURIAM


Submitted on July 19, 2007

Opinion Delivered September 6, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.