# NO. 12-09-00231-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                                        |   |                          |
| -------------------------------------- | - | ------------------------ |
| *IN RE:*                               | § |                          |
|                                        | § | *ORIGINAL PROCEEDING*    |
| *CONTRACTOR'S SUPPLIES, INC.*          | § |                          |
|                                        | § |                          |

---

### *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator, Contractor's Supplies, Inc. (CSI), challenges Respondent's July 24, 2009 order granting the petition for presuit deposition filed by John Oaks, the real party in interest.[1]  CSI seeks an order directing Respondent to deny Oaks's petition for want of jurisdiction or to dismiss the petition with prejudice.  Alternatively, CSI requests an order directing Respondent to deny Oaks's petition until CSI is given fifteen days notice of the hearing on the petition or until Oaks produces sufficient evidence to justify shortening the required notice period.  Finally, CSI requests an order directing Respondent to deny Oaks's petition until the required findings are made.  We conditionally grant the writ.

### BACKGROUND

CSI is a building materials supply company, formerly known as Lufkin Redi-Mix, Inc.  Oaks was employed by CSI for over thirty years before retiring in September 1990.  On July 17, 2009, Oaks filed a verified petition for presuit deposition seeking to obtain and preserve his own testimony by video taped deposition pursuant to Texas Rule of Civil Procedure 202.  In his petition, Oaks

---

[1] The respondent is the Honorable Barry Bryan, Judge of the 217th Judicial District Court, Angelina County, Texas.

alleged that he suffers from stage 4 metastatic lung cancer. He attributes his condition to silica exposure, which allegedly occurred while he was employed by CSI. He anticipates filing suit against CSI, but is concerned that "he may not live long enough to give a deposition after the anticipated lawsuit can be filed." Therefore, he requested that Respondent order the presuit deposition, at which he "expects to give testimony regarding his exposure to silica, his life, his disease, and his damages." He averred further that if he is not permitted to give the presuit deposition, "critical information about his work life and silica exposures will be lost."

A hearing on the petition was set for July 24, 2009. CSI was served with a copy of the petition and notice of the hearing on July 20. On July 23, CSI filed a written response and objections complaining that it had not been given the required fifteen days notice of the July 24 hearing. CSI further objected that its workers' compensation carrier would have an interest adverse to Oaks's anticipated lawsuit but had not been provided notice of Oaks's petition.

Oaks filed a written reply requesting that the respondent trial court shorten the notice period for the hearing on his petition. He attached to his reply a copy of a letter dated July 17, 2009 from his counsel to Respondent in which counsel generally described Oaks's medical condition and prognosis. CSI objected in writing that counsel's letter "is unsworn and constitutes hearsay" and that "the letter expresses a medical opinion where the author demonstrates no medical background and no basis by which to give that opinion." CSI also filed a plea to the jurisdiction in which it asserted that Oaks's claim falls under the exclusive jurisdiction of the Texas Workers' Compensation Commission and Oaks has not exhausted his administrative remedies with that agency. Accordingly, CSI urged the respondent trial court to dismiss Oaks's petition for want of jurisdiction.

At the July 24 hearing, Respondent heard arguments of counsel, but no evidence was presented. CSI reurged that it had been given insufficient notice of the hearing and also objected that Oaks had not presented any medical testimony in support of his petition. Respondent then announced that he was granting Oaks's petition and shortening the required notice period. On the same day, Respondent signed an order memorializing the rulings he had announced at the hearing and setting Oaks's video taped deposition for August 3, 2009. Respondent also signed orders denying CSI's plea to the jurisdiction and its objections to counsel's July 17, 2009 letter. CSI then filed this original proceeding and filed an emergency motion to stay Oaks's deposition. We granted

2

the requested stay.

## AVAILABILITY OF MANDAMUS

Mandamus is an extraordinary remedy, and is available only when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

An order pursuant to rule 202 allowing a presuit deposition of one who will be a party to the contemplated suit is not a final, appealable order. *See* *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.–Austin 2006, orig. proceeding [mand. denied]); *In re Amer. State Bank*, No. 07-03-00483-CV, 2005 WL 1967262, at *2 (Tex. App.–Amarillo Aug. 16, 2005, pet. denied) (same). Therefore, mandamus is the proper avenue to challenge such an order. *See* *In re Hewlett Packard*, 212 S.W.3d at 360.

## PRESUIT DEPOSITIONS

Presuit depositions may be taken to perpetuate or obtain a person's own testimony or that of any other person for use in an anticipated suit. TEX. R. CIV. P. 202.1(a).[2] The person seeking the deposition must file a verified petition that states, in part, the subject matter of the anticipated suit and the identity, address, and telephone number of each expected adverse party. TEX. R. CIV. P. 202.2(a), (e), (f)(1). If the information about expected adverse parties cannot be obtained through diligent inquiry, the petition must include a description of those parties. TEX. R. CIV. P. 202.2(f)(2).

At least fifteen days before the hearing on the petition, the petitioner must serve the petition and notice of the hearing on all expected adverse parties. TEX. R. CIV. P. 202.3(a). As justice or necessity may require, the trial court may shorten the notice period for the hearing. *See* TEX. R. CIV. P. 202.3(d) ("court may shorten . . . notice periods under this rule. . . ."). The trial court must order

---

[2] Oaks does not invoke subsection (b) of the rule, which authorizes presuit depositions for the purpose of investigating a potential claim or suit. *See* TEX. R. CIV. P. 202.1(b). Therefore, we do not address any portion of rule 202 that relates solely to presuit investigative depositions.

the deposition taken only if it finds that allowing the petitioner to take the requested deposition "may prevent a failure or delay of justice in an anticipated suit." TEX. R. CIV. P. 202.4(a)(1). "A deposition taken under this rule may be used in a subsequent suit as permitted by the rules of evidence, except that a court may restrict or prohibit its use to prevent taking unfair advantage of a witness or others." TEX. R. CIV. P. 202 cmt. 2. A court may restrict or prohibit the use of a deposition taken under rule 202 in a subsequent suit to protect a person who was not served with notice of the deposition from any unfair prejudice or to prevent abuse of the rule. TEX. R. CIV. P. 202.5.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

CSI first contends that the trial court does not have jurisdiction over Oaks's petition for presuit deposition because Oaks has alleged a work related injury but has failed to exhaust his administrative remedies with the Texas Workers' Compensation Commission.[3]

An agency has exclusive jurisdiction when the legislature gives the agency alone the authority to make the initial determination in a dispute. *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). When the legislature vests exclusive jurisdiction in an agency, trial courts have no jurisdiction over claims governed by the relevant statutes until the administrative process is exhausted. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). In other words, the claimant must exhaust its administrative remedies before seeking judicial review of the agency's action. *Bennett*, 35 S.W.3d at 15. Until administrative remedies are exhausted, the trial court lacks subject matter jurisdiction and must dismiss without prejudice the claims within the agency's exclusive jurisdiction. *Subaru of Am.*, 84 S.W.3d at 221.

The exhaustion of administrative remedies doctrine is designed primarily to control the timing for judicial relief from adjudicative action of an agency. *Bennett*, 35 S.W.3d at 15. Its application prevents courts from interfering with administrative procedures before an agency has been allowed to complete its own decision and review process. *United States v. Paternastro*, 966 F.2d 907, 912 (5th Cir. 1992).

---

[3] It is undisputed that CSI had workers' compensation insurance during at least a portion of Oaks's employment.

The Texas Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review. *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001); *see* TEX. LAB. CODE ANN. §§ 408.001, 410.168-.169, 410.203-.205, 410.208 (Vernon 2006). Judicial review is not available, however, until the party "aggrieved by a final decision of the appeals panel" has exhausted its administrative remedies. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006).

A court may authorize the taking of a presuit deposition either (1) to perpetuate or obtain the person's own testimony or that of any other person for an anticipated suit or (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. "It is well settled that the taking of [presuit] depositions is not an end within itself but is in aid of a suit which is anticipated. The taking of depositions to perpetuate testimony is ancillary to the anticipated suit." *Office Emp. Int'l Union Local 277, AFL-CIO v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) (applying predecessor to rule 202). As such, a petition for presuit deposition does not request final or even preliminary adjudication of the petitioner's claims. *See City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 341 (Tex. App.–Fort Worth 2005, no pet.); *see also* TEX. R. CIV. P. 202.2. Consequently, a petition for presuit deposition does not interfere with the exclusive jurisdiction of an administrative agency. *See City of Willow Park*, 166 SW.3d at 341 (holding that primary jurisdiction doctrine does not preclude investigative deposition under rule 202 because petitioner did not seek any adjudication of its claims). Therefore, we conclude that the exhaustion of administrative remedies doctrine does not apply here and the respondent trial court has jurisdiction of Oaks's petition for presuit deposition.[4]

## FAILURE TO COMPLY WITH RULE 202

CSI next argues that Oaks has not complied with rule 202 because he did not name or serve CSI's workers' compensation carrier as an expected adverse party. Specifically, CSI insists that

---

[4] CSI suggests that "[a] perfect correlation of [the alleged lack of jurisdiction in this case] is a district court's inability to order presuit depositions in claims involving medical liability claims." In support of this proposition, CSI cites the Texas Supreme Court's opinion in *In re Jorden*, 249 S.W.3d 416 (Tex. 2008). *Jorden*, however, interprets subsection 74.351(s) of the Texas Civil Practice and Remedies Code, which applies to health care liability claims only. Therefore, *Jorden* is inapposite.

Oaks should have named and served CSI's workers' compensation carrier as an expected adverse party and should not have served CSI at all. CSI also complains that Oaks did not introduce medical evidence supporting his allegations about his medical condition and prognosis.

**Expected Adverse Parties**

The general rule is that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance. TEX. LAB. CODE ANN. § 408.001(a). But an intentional tort attributable directly to an employer is not within the purview of the Workers' Compensation Act. *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). Nor is the recovery of exemplary damages by the surviving spouse or "heirs of the body" of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. TEX. LAB. CODE ANN. § 408.001(b) (Vernon 2006).

In his petition for presuit deposition, Oaks alleges that he anticipates a suit against CSI based upon his exposure to high levels of silica during his employment. In his response to CSI's mandamus petition, Oaks states that his "anticipated suit against Relator could encompass different causes of action, including gross negligence upon Mr. Oaks's certain and impending death." He also points out that "the Workers' Compensation Act does not prohibit an action for exemplary damages based upon an employer's gross negligence or intentional tort." His failure to identify, either by name or description, CSI's workers' compensation carrier or, for that matter, the alleged manufacturers of the silica to which he contends he was exposed, is consistent with his assertions about the nature of his anticipated suit. Accordingly, we conclude, based upon our review of the record, that Oaks was not required to give CSI's workers' compensation carrier notice of his petition for presuit deposition.

**Failure to Introduce Medical Evidence**

Following the hearing on Oaks's petition, Respondent found that "allowing petitioner to give a[] video taped oral deposition may prevent a failure or delay of justice in an anticipated suit." Respondent further found that "justice and necessity require that the court shorten the [fifteen day] notice period under Rule 202." Based upon these findings, Respondent granted Oaks's petition and set his video taped deposition for August 3, 2009. CSI urges that because Oaks did not introduce any competent evidence of his medical condition and prognosis, Respondent's findings are not

6

supported by evidence and the order based on those findings cannot stand.

*Oaks's burden.*  Because Oaks seeks the presuit deposition for use in an anticipated suit, he had the burden to show that "allowing [him] to take the requested deposition may prevent a failure or delay of justice in an anticipated suit[.]" *See* TEX. R. CIV. P. 202.4(1).  Because he requested the court to shorten the fifteen day notice of hearing to which CSI was entitled under the rule, *see* TEX. R. CIV. P. 202.3(a), he also had the burden to show that "justice or necessity" required the shorter notice.  *See* TEX. R. CIV. P. 202.3(d).

A trial court abuses its discretion by ordering a presuit deposition if the petitioner does not make the showing required by rule 202.  *See In re Campos*, No. 02-07-00197-CV, 2007 WL 2013057, at *4 (Tex. App.–Fort Worth July 12, 2007, orig. proceeding [mand. denied]) (trial court abused discretion by ordering presuit deposition where evidence established proposed deponent possessed no information that would be useful to petitioner);  *In re Hewlett Packard*, 212 S.W.3d at 363-64 (trial court abused discretion by ordering presuit investigative deposition when party seeking deposition did not establish that benefit of deposition outweighed potential burden or expense of procedure); *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.–Beaumont 2003, orig. proceeding) (trial court abused discretion by ordering presuit investigative deposition where petitioner failed to establish that prejudice to company in having to submit employees for deposition was outweighed by benefit petitioner would derive from depositions).  The petitioner must introduce evidence that supports the findings required by rule 202. *See In re Hewlett Packard*, 212 S.W.3d at 363-64 (mandamus conditionally granted; parties agreed that significant burden of requested deposition was likelihood that depositions would reveal trade secrets, but record did not include evidence establishing necessity of requested information); *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.–Beaumont 2003, orig. proceeding) (mandamus conditionally granted; appellate court concluded that absent evidence of imminent loss of witnesses' testimony, prejudice to relator in having to submit employees for presuit depositions far outweighed any benefit to real parties in interest).

*The record.*  Oaks does not contend that evidence to support the challenged findings is unnecessary.  Instead, he contends that the findings are supported by the following "evidence": (1) his verified petition in which he alleges that he suffers from stage 4 lung cancer that has metastasized

to his liver and bones, and that he "may not live long enough to give a deposition after the anticipated lawsuit can be filed," and (2) a letter from his counsel to Respondent setting forth additional facts, including that Oaks's treating physicians "have given him a limited amount of time left before the cancer takes its toll," that it "has come to [his] attention that [Oaks's] health condition is continuing to worsen," and that counsel believes he has "an ethical and moral obligation to [Oaks] and his family to immediately preserve his testimony about his life, work and family."

We first note that neither Oaks's verified petition or his counsel's letter to Respondent were offered or admitted into evidence at the hearing. Documents that are not admitted into evidence cannot be considered as proof. *Wilson v. Williamson*, 586 S.W.2d 148, 150 (Tex. Civ. App.–Houston [1st Dist.] 1979, no writ) (exhibit not admitted into evidence should not have been considered by trial court); *see also In re B.R.G.*, 48 S.W.3d 812, 818 (Tex. App.–El Paso 2001, no pet.) (documents not entered into evidence at trial may not be considered by appellate court). Consequently, Respondent could not have considered either document in making the findings relating to CSI's notice of hearing and Oaks's need for the requested deposition.

Moreover, pleadings are not generally competent evidence to prove the facts alleged in them, even if, as here, they are sworn or verified. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). And a court may not take judicial notice of the truth of the allegations in the pleadings included in its records. *Gruber v. CACV of Colorado, LLC*, No. 05-07-00379-CV, 2008 WL 867459, at *2 (Tex. App.–Dallas Apr. 2, 2008, no pet.) (mem. op.); *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.–Austin 1994, no writ). We are not aware of any exception to these rules that applies here. Therefore, even if Oaks's petition had been offered, it could not have been admitted into evidence.

The same outcome would have been required if Oaks had offered counsel's letter into evidence. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Unless an exception applies, hearsay is not admissible. TEX. R. EVID. 802. Hearsay within hearsay is admissible only if each part of the combined statements fits within an exception to the hearsay rule. TEX. R. EVID. 805.

In his letter, counsel informed Respondent, in part, that

8

[o]n behalf of Mr. John Henry Oaks, I am filing a verified petition to take his video taped oral deposition before suit. I was approached by Mr. Oaks and his family to help them find an attorney to represent them in a possible lawsuit against his former employer, Contractor's Supplies, Inc. Unfortunately, Mr. Oaks has been diagnosed with Stage 4 lung cancer, which has metastasized to his liver and bones. Mr. Oaks' treating physicians have given him a limited amount of time left before the cancer takes its toll. In recent days, it has come to my attention that Mr. Oaks' health condition is continuing to worsen.

With respect and deference to the court, I believe that I have an ethical and moral obligation to Mr. Oaks to immediately preserve his testimony about his life, work and family. If Mr. Oaks were to pass away while I am trying to help him find an attorney, his first hand knowledge will be forever lost.

Oaks relies, in part, on counsel's letter to Respondent as evidence of his medical condition and prognosis to be considered by Respondent in making the findings required by rule 202. As such, the letter would have been offered for the truth of the matter asserted. Consequently, the letter is hearsay. *See* TEX. R. EVID. 801(d). It is clear from counsel's letter that he does not purport to have personal knowledge of Oaks's medical condition and prognosis and that he is relying on statements made to him by others for his information. To the extent that counsel relates information obtained from others about Oaks's medical condition and prognosis, the letter contains hearsay within hearsay. *See* TEX. R. EVID. 805. CSI objected to the letter as "hearsay if not double hearsay," and Oaks did not respond with any exception that would allow admission of the letter and the statements in question. Therefore, the letter could not have been admitted into evidence.

*Holding*. Because neither Oaks's verified petition or his counsel's letter to Respondent could be considered by Respondent, the record is devoid of evidence supporting the allegations in his petition or his request that CSI's notice of hearing be shortened. Without any such evidence, Oaks failed to make the showing required by rule 202, and Respondent could not reasonably have found otherwise. *See* TEX. R. CIV. P. 202(d), 202.4(a)(1). Accordingly, we conclude that Respondent abused his discretion by granting Oaks's petition for presuit deposition and his request to shorten the required notice of hearing.

9

## CONCLUSION

The exhaustion of administrative remedies doctrine does not apply here, and therefore Respondent had jurisdiction of Oaks's petition for presuit deposition. Oaks does not anticipate suit against CSI's workers' compensation carrier, and therefore was not required to name the carrier as an expected adverse party. We have held, however, that Respondent's July 24, 2009 order constitutes an abuse of discretion because the record contains no evidence supporting Oaks's petition and request to shorten the required notice of hearing. Moreover, CSI has no adequate remedy at law. Accordingly, we ***conditionally grant*** the writ of mandamus. We are confident that Respondent will promptly vacate his July 24, 2009 order and issue an order denying Oaks's petition for presuit deposition. The writ of mandamus will issue only if Respondent fails to do so ***within ten (10) days*** of the date of this opinion. Our ***stay is lifted***.


    SAM GRIFFITH
Justice


Opinion delivered August 17, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


10