NO. 07-11-00066-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
19, 2011

 



 

IN RE MICHAEL ROCKAFELLOW AND MTBC, LTD., RELATORS



 



 

Before HANCOCK
and PIRTLE, JJ., and BOYD, S.J.[1]

 

 

ON PETITION FOR WRIT OF MANDAMUS

            Relators, Michael Rockafellow and
MTBC, Inc., have filed their petition for writ of mandamus, asking this Court
to direct the Respondent, the Honorable Les Hatch of the 237th District Court
of Lubbock County, to vacate the order of January 21, 2011, authorizing the
pre-suit deposition of Rockafellow by real party in
interest, SalonQuest, L.L.C., and disclosure of
documents identifying MTBC’s supplier of SalonQuest
products.  We will conditionally issue a
writ of mandamus so directing.

Factual and Procedural History

            On
January 24, 2011, Rockafellow and MTBC filed a notice
of appeal from the trial court’s order authorizing SalonQuest’s
pre-suit deposition of Rockafellow, president of
MTBC, and disclosure of documents related to MTBC’s acquisition of SalonQuest’s hair care products.  See Tex.
R. Civ. P. 202.  Because SalonQuest’s petition indicated that neither Rockafellow nor MTBC were anticipated defendants in SalonQuest’s contemplated suit related to the unauthorized
distribution of SalonQuest’s hair care products, that
appeal was docketed as a regular appeal under cause number 07-11-00022-CV.  However, SalonQuest
amended its petition to indicate that it did, in fact, anticipate bringing
various claims against MTBC.  As a
result, we dismissed that appeal for want of jurisdiction.  In re Petition of SalonQuest,
Inc., No. 07-11-00022-CV, 2011 Tex. App. LEXIS 1535 (Tex.App.—Amarillo
Mar. 2, 2011, no pet.); see In re Jorden,
249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); Thomas v. Fitzgerald,
166 S.W.3d 746, 747 (Tex.App.—Waco 2005, no pet.).

            On
February 10 and in response to SalonQuest’s
amendment, Rockafellow and MTBC filed their Emergency
Motion for Stay of Deposition and Production of Documents.  In their motion, they again sought review of
the trial court’s order authorizing pre-suit deposition of Rockafellow.  At this point, Rockafellow
and MTBC were no longer third parties to the contemplated litigation and were now “anticipated defendant[s].”  See In re Jorden,
249 S.W.3d at 419.

            In
light of their status as anticipated defendants, mandamus is the proper vehicle
by which they could seek review of the trial court’s Rule 202 order.  See In re Hewlett Packard, 212
S.W.3d 356, 360 (Tex.App.—Austin 2006, orig.
proceeding).  Consequently, we construed Rockafellow and MTBC’s motion as a petition for writ of
mandamus.[2]  We noted, however, that there were a number
of defects present in their petition.  See
Tex. R. App. P. 52.3.  By letter dated February 10, 2011, we
notified the parties of these defects and afforded Rockafellow
and MTBC a reasonable opportunity to cure said defects.  See Tex.
R. App. P. 44.3.  Rockafellow and MTBC amended their petition.  We sought a response from SalonQuest
and received such on April 19.  On May
11, we received a reply on behalf of Rockafellow and
MTBC.

Analysis

Availability of Mandamus

            Again,
because Rockafellow and MTBC are anticipated
defendants in SalonQuest’s contemplated litigation,
mandamus is the proper vehicle by which to seek the relief requested.  See In re Hewlett Packard, 212 S.W.3d at 360. 
The Texas Supreme Court has held that no adequate appellate remedy
exists if a trial court orders a party to produce privileged trade secrets
absent a showing of necessity.  In re
Bass, 113 S.W.3d 735, 745 (Tex. 2003) (orig. proceeding) (citing In re Cont’l Gen. Tire, Inc., 979 S.W.2d 609, 615 (Tex. 1998)
(orig. proceeding)).  Further, a trial
court abuses its discretion when it erroneously compels production of trade
secrets without a showing that the information is “material and
necessary.”  See id. at 738, 743; Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding) (concluding that “a clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of
discretion, and may result in appellate reversal by extraordinary writ”).   

Trade Secret Privilege Generally

            The
trade secret privilege is governed generally by Texas Rule of Evidence 507:

A person has a privilege, which may be claimed by the person or the
person’s agent or employee, to refuse to disclose and to prevent other persons
from disclosing a trade secret owned by the person, if the allowance of the
privilege will not tend to conceal fraud or otherwise work injustice. When
disclosure is directed, the judge shall take such protective measure as the
interests of the holder of the privilege and of the parties and the furtherance
of justice may require.

Tex.
R. Evid. 507.  In the trial
court, the party resisting discovery on the basis of the trade secret privilege
must establish that the information is a trade secret.  In re Cont’l Gen. Tire, 979 S.W.2d at 613.  The burden then shifts to the requesting
party to establish that the information is necessary for a fair adjudication of
its claims.  Id.  If the requesting party meets this burden,
the trial court should ordinarily compel disclosure of the information, subject
to an appropriate protective order.  Id.  In each circumstance, the trial court must
weigh the degree of the requesting party’s need for the information with the
potential harm of disclosure to the resisting party.  Id. 
In other words, when trade secret privilege is asserted as the basis for
resisting production, the trial court must determine whether the requested
production constitutes a trade secret; if so, the court must require the party
seeking production to show reasonable necessity for the requested
materials.  In re Union Pac. R.R. Co.,
294 S.W.3d 589, 591 (Tex. 2009) (orig. proceeding) (quoting In re Bass,
113 S.W.3d at 738).

Is the information sought trade
secret?

            A
trade secret is “any formula, pattern, device or compilation of information
which is used in one’s business and presents an opportunity to obtain an
advantage over competitors who do not know or use it.”  In re Bass, 113 S.W.3d at 739 (quoting
Computer Assocs. Int’l. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex.
1994)).  Texas courts consider the
following factors in determining whether the material at issue qualifies for
the trade secret privilege: (1) the extent to which the information is known
outside of his business; (2) the extent to which it is known by employees and
others involved in his business; (3) the extent of the measures taken by him to
guard the secrecy of the information; (4) the value of the information to him
and to his competitors; (5) the amount of effort or money expended by him in
developing the information; and (6) the ease or difficulty with which the
information could be properly acquired or duplicated by others.  In re Union Pac. R.R.,
294 S.W.3d at 592; In re Bass, 113 S.W.3d at 739.  Because trade secret materials may not always
“fit neatly into each factor every time” and because other factors may also be
relevant depending on the circumstances of a particular case, we will weigh the
factors in the context to determine whether the materials qualify as trade
secret.  In re Bass,
113 S.W.3d at 740.

            In
a situation factually similar to the instant case, our sister court weighed the
factors of the balancing test to determine whether similar requested
information was trade secret.   See
John Paul Mitchell Sys. v. Randalls
Food Mkts., Inc., 17 S.W.3d 721, 726 (Tex.
App.—Austin 2000, pet. denied).  Paul
Mitchell involved the same context at issue here: diversion of hair care
products outside the manufacturer’s preferred closed distribution chain.  Id. at 726.  In that case, Jade Drug Company sold Paul
Mitchell products to Randalls
grocery stores, which are non-salon locations. 
Id.  As was and did Rockafellow, Jade was called on to provide its list of
suppliers and resisted on the basis of trade secret.  Id. 
Jade established by affidavit that there was restricted access to its
supplier list, it took time and money to develop the list, the list was
valuable to the company, and the list was not readily obtained or
duplicated.  Id.
at 738.  The Austin court
concluded that Jade established that the list was “carefully compiled and
closely guarded” and met its burden of showing that its supplier list was trade
secret.  Id.

            Here,
by affidavit, Rockafellow explained that he has been
in this business for twenty-five years and that it was “through substantial
effort and expertise” that he developed his “vast network of industry contacts
and sources.”  He also stated that his contacts
and suppliers are “not readily known to the public, and to a large extent, not
readily known in the industry itself.”  Rockafellow explained the confidential nature of his
relationship with the suppliers and how MTBC’s network of contacts and sources
is the “most valuable part of its business” without which MTBC could not
compete.  Rockafellow
went on to explain that only he communicates with MTBC’s suppliers and, apart
from him, only the office manager and the warehouse manager have access to
information that would enable them to determine the identities of MTBC’s
suppliers.  Both managers had been
advised of the importance of keeping such information confidential.  Rockafellow’s
affidavit also described the ramifications of having to divulge suppliers’
identities which, according to Rockafellow, would
quickly culminate in MTBC going out of business.  In light of the relevant factors, we conclude
that Rockafellow showed that access to the
information sought is strictly limited and is not readily accessible, the
information sought is highly valuable to MTBC, and the information sought is
the product of a great deal of time and effort on Rockafellow’s
part and is not easily accessible or duplicated.  See In re Union Pac. R.R., 294
S.W.3d at 592.

            Seeing
no compelling distinction between the instant case and that examined by our
sister court in Paul Mitchell, we find our sister court’s similar
application of the balancing test in this context persuasive and conclude that Rockafellow carried his burden of showing that the supplier
list and information related to the identities of MTBC’s suppliers are trade
secret.  In doing so, he successfully
shifted the burden to SalonQuest to establish that
such information was necessary.

Is the Information Necessary or Essential
to Fair Adjudication?

            We
now address the second prong of the test in which we must determine if
discovery of this trade secret material is “necessary for a fair adjudication”
of SalonQuest’s claims.  In re Cont’l Gen. Tire, 979 S.W.2d at 615.  Necessity depends on whether the trade
secret’s production is “necessary or essential to the fair adjudication of the
case.”  In re Union
Pac. R.R., 294 S.W.3d at 592.

            The
Texas Supreme Court has acknowledged that it has not “state[d] conclusively
what would or would not be considered necessary for a fair adjudication,
indicating instead that the application of the test would depend on the
circumstances presented.”  Id.
(quoting In re Bridgestone/Firestone, Inc., 106 S.W.3d 730, 732 (Tex.
2003)).  Although Rule 202 does not
require a potential litigant to expressly state a viable claim, it appears
that, when the requested deposition and disclosure involve disclosure of trade
secret information, the requesting party’s burden is heightened.  See In re Cont’l
Gen Tire, 979 S.W.2d at 613–14.  With this in mind, we examine the general
principles from cases on this subject. 

            It
does appear to be generally accepted that, in order for trade secret production
to be material to a claim or defense, a claim or defense must first exist.[3]  See In re Bass, 113 S.W.3d at
743.  That is, it is not sufficient that
a requesting party use Rule 202 to discover trade secret information to
determine if it has a claim.[4]  See In re Hewlett Packard, 212 S.W.3d at 362. 
Nor is it an adequate showing of necessity when the requesting party
makes general assertions of unfairness.[5]  In re Union Pac. R.R., 294 S.W.3d at
592–93; In re Bridgestone/Firestone, 106 S.W.3d at 734 (concluding that
“the mere possibility of unfairness is not enough to warrant disclosure” of
trade secret).  Further, there are cases
that would suggest that we must also consider the availability of other means
of acquiring the requested information.[6]  See In re Cont’l
Gen. Tire, 979 S.W.2d at 615 (adopting rule, pre-dating Texas Rule of
Evidence 507, from Automatic Drilling Machs., Inc.
v. Miller, 515 S.W.2d 256, 259 (Tex. 1974), that considers availability
from other sources in determining whether disclosure of trade secret is
warranted); see also In re Bridgestone/Firestone, 106 S.W.3d at
736.

            So,
it would appear that the burden that shifted to SalonQuest
upon the showing that the information it requested was trade secret is a fairly
great one.  And it is one that SalonQuest ultimately failed to satisfy because SalonQuest submitted no evidence in support of its position
that the trade secret information sought was necessary or essential to the fair
adjudication of its claims.  See In
re Union Pac. R.R., 294 S.W.3d at 592. 
The record before us is devoid of evidence on the issue of necessity.

            SalonQuest’s assertions come
from its amended Rule 202 petition and from arguments of counsel at the hearing
on its petition.  Generally, pleadings
are not competent evidence to prove the facts alleged in them even if, as here,
the pleadings are sworn or verified.  See
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660
(Tex. 1995); see also In re Contractor’s Supplies, Inc., No.
12-09-00231-CV, 2009 Tex. App. LEXIS 6396, at *15–16 (Tex.App.—Tyler
Aug. 17, 2009, orig. proceeding) (mem. op.) (concluding, in Rule 202 context, that pleadings are not
evidence).  Likewise, argument of counsel
is not evidence.  See
Love v. Moreland, 280 S.W.3d 334, 336 n.3 (Tex.App.—Amarillo
2008, no pet.).  With that, we can
only conclude that SalonQuest failed to show that the
trade secret information sought was “necessary for a fair adjudication” of its
claims.

            In
summary, Rockafellow met his burden of showing MTBC’s
list of suppliers was trade secret and, thereby, shifted the burden to SalonQuest to show that disclosure of the information was
necessary for a fair adjudication of its claims.  SalonQuest failed
to make such a showing.  Therefore, the
trial court abused its discretion when it authorized the deposition of Rockafellow and compelled disclosure of trade secret
information.

Conclusion

            Having
concluded that the items in question were trade secrets and not discoverable as
privileged information pursuant to Rule 507 and that Rockafellow,
as a potential defendant, has no adequate remedy by appeal, we conclude that he
has shown he is entitled to mandamus relief as requested.  Accordingly, we conditionally grant the
petition for writ of mandamus and direct the trial court to vacate its order
dated January 21, 2011, authorizing the pretrial deposition of Michael Rockafellow and compelling disclosure of documents
concerning MTBC’s acquisition of SalonQuest’s
products.  Because we are confident the
trial court will comply with this directive, the writ will issue only if the
court fails to do so.  Our disposition of
this case serves to lift the stay previously imposed by the Court.  See Tex.
R. App. P. 52.10(b).

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1]  John T. Boyd,
Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.





[2]
By order entered February 10, 2011, we also
granted temporary relief by staying the deposition authorized by the trial
court pending the disposition of this petition for writ of mandamus.  See Tex.
R. App. P. 52.10(b).






[3]
As the Austin court pointed out “rarely, if ever,”
will trade secrets be discoverable pursuant to Rule 202 because Rule 202
discovery will, by definition, be going on before any litigation has
begun.  In re
Hewlett Packard, 212 S.W.3d at 364.

 





[4]
By its own admission at the hearing on its
petition, the existence and nature of SalonQuest’s
claims, if any, are speculative at best. 
SalonQuest itself expressed uncertainty as to
whether litigation would follow: “It is just discovery, and then we can make a
decision, if, in fact, litigation is warranted from that point on.”

 





[5]
So, SalonQuest’s
assertions in its response to this Court that highlight alleged wrongdoing on Rockafellow’s part are inadequate to satisfy its burden of
showing that the requested information is necessary to the fair adjudication of
its claims, if any.





[6] The Texas Supreme Court most recently explained this
consideration: “[T]rade secret information is
generally discoverable when not allowing discovery would significantly impair a
party’s ability to establish or rebut a material element of a claim or
defense.  A party’s ability is
significantly impaired when the information is unavailable from any other
source and no adequate alternative means of proof exist.”  In re Bridgestone/Firestone,
106 S.W.3d at 736.  Here, MTBC has
no contractual relationship with SalonQuest; by SalonQuest’s own admission, it is MTBC’s supplier(s) who
has or have contracts with SalonQuest regarding the
distribution of SalonQuest products.