**DENY; and Opinion Filed November 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01382-CV

### IN RE GLOBAL EXPERIENCE SPECIALISTS, INC., Relator

**Original Proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-12682**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

In this original proceeding, relator Global Experience Specialists, Inc. complains that the trial court granted real party in interest Freeman Expositions, LLC's petition for Rule 202 discovery. Relator is an anticipated defendant in Freeman Expositions LLC's contemplated litigation. Mandamus is, therefore, the proper vehicle by which to seek the relief requested. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding). To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

If the court grants Rule 202 relief, it must find that (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a)(1)–(2). The finding

must be express.  *In re Dallas Cty. Hosp. Dist.*, No. 05–14–00249–CV, 2014 WL 1407415, at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.).  The petitioner bears the burden of producing evidence to support the necessary finding.  *Glassdoor, Inc. v. Andra Group, LP*, 05-16-00189-CV, 2017 WL 1149668, at *2–3 (Tex. App.—Dallas Mar. 24, 2017, no. pet. h.); *In re Campo*, No. 05–13–00477–CV, 2013 WL 3929251, at *1 (Tex. App.–Dallas July 26, 2013, orig. proceeding) (mem. op.).

Based on the record before us, we conclude relator has not shown the trial court clearly abused its discretion.  Accordingly, we deny relator's petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ada Brown/
ADA BROWN
JUSTICE

181382F.P05