**Denied and Opinion Filed March 14, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00286-CV

### IN RE EMR (USA HOLDINGS) INC., GOLD METAL RECYCLERS, LTD., AND DAVID FERGUSON, Relators

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00835**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

In this original proceeding, relators EMR (USA Holdings), Inc., Gold Metal Recyclers, Ltd., and David Ferguson complain that the trial court granted real party in interest Champion Waste & Recycling Services, LLC's request for Rule 202 discovery, including allowing the depositions of relators' corporate representatives and the deposition of Ferguson, and compelling production of five categories of documents. Relators are anticipated defendants in Champion's contemplated litigation. Mandamus is, therefore, the proper vehicle by which to seek the relief requested. *In re Jorden*, 249 S.W.3d at 419; *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding). To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

If a trial court grants Rule 202 relief, it must expressly find that (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a)(1)–(2); *In re Dallas Cty. Hosp. Dist.*, No. 05–14–00249–CV, 2014 WL 1407415, at \*2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.). The petitioner bears the burden of producing evidence to support the necessary finding. *In re Glob. Experience Specialists, Inc.*, No. 05-18-01382-CV, 2018 WL 6167838, at \*1 (Tex. App.—Dallas Nov. 26, 2018, orig. proceeding) (mem. op).

Based on the record before us, we conclude relators have not shown they are entitled to the relief requested because the mandamus record does not show a clear abuse of discretion. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190286F.P05

–2–