# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00231-CV

## In re Chris Elliott

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Chris Elliott has filed a petition for writ of mandamus challenging the district court's March 11, 2016 order in a proceeding seeking a presuit deposition under Texas Rule of Civil Procedure 202. The order allows real party in interest, MagneGas Corporation, to take a Rule 202 presuit deposition of Elliott to investigate potential claims related to an article about MagneGas by an anonymous author, "The Pump Stopper." *See* Tex. R. Civ. P. 202.1(b). Elliott raises six issues, contending that the district court abused its discretion by ordering Elliott's Rule 202 deposition. Among his other complaints, Elliott asserts that the district court's order violates the Texas Citizens Participation Act because an interested party, John Doe 1, who admits to having made an anonymous communication about MagneGas and who Elliott asserts is "The Pump Stopper," filed a motion to dismiss that should have stayed all discovery. *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011 (Texas Citizens Participation Act) ("TCPA" or "Act"). Because we conclude that the TCPA mandates that "all discovery in the legal action is suspended until the court has ruled on the motion to dismiss," *see id.* § 27.003(c), meaning that the district court should not have ordered the Rule 202 deposition to occur before it addressed and ruled on Doe's TCPA motion to dismiss,

we will conditionally grant the petition for writ of mandamus and direct the district court to vacate its March 11, 2016 order.

## BACKGROUND

"The Pump Stopper" published an article on a website called "Seeking Alpha" on December 21, 2015. The article reported negatively on MagneGas's financial prospects. In its Rule 202 petition filed on January 22, 2016, MagneGas, a Delaware corporation with its principal place of business in Florida, sought to depose Elliott, who it alleges is a resident of Travis County. *See* Tex. R. Civ. P. 202.2(b)(2) (establishing that petition must be filed where witness resides if no suit is yet anticipated).

MagneGas alleges in its Rule 202 petition that "Elliott is affiliated with the website PumpStopper.com" and that the domain name "PumpStopper.com" is registered to Elliott. MagneGas further alleges that:

> That website has created, published, and/or distributed false and misleading information about MagneGas. Specifically, the "PumpStopper" creates anonymous reports baselessly bashing reputable companies such as MagneGas in hopes of driving down the stock price of the targeted companies. On information and belief, the "PumpStopper" shorts the stock of the targeted companies in advance of releasing its reports, hoping to make money from the artificial price deflation caused by its reports.

> MagneGas seeks to investigate potential claims against the authors, publishers, and distributors of the false and misleading materials, and MagneGas has reason to believe that Mr. Elliott has knowledge that will facilitate that investigation.

Although MagneGas's Rule 202 petition does not specifically refer to the December 21, 2015 article or to the statements within it that MagneGas alleges are false and misleading, at the hearing at which

2

the district court addressed the Rule 202 petition, MagneGas's counsel stated that this article was the basis for MagneGas's investigation of its potential claims.

Rule 202 allows a person to petition a trial court for an order authorizing the taking of a deposition to investigate a potential claim or suit, *see id.* R. 202.1(b), and it requires the petitioner to serve the petition and a notice of the hearing on the petition in accordance with Rule 21a at least 15 days in advance of the hearing on all persons the petitioner seeks to depose, *see id.* R. 202.3(a); *id.* R. 21a (establishing service requirements). Instead of setting a hearing and serving Elliott with the petition and notice of hearing, MagneGas first served Elliott with a subpoena for a deposition without obtaining an order authorizing Elliott's deposition based on MagneGas's Rule 202 petition. After Elliott refused through counsel to attend the deposition, MagneGas filed a motion to compel his compliance with the subpoena and set it for a fifteen-minute hearing on March 11, 2016.

Elliott filed a response to MagneGas's motion to compel, objections to the motion to compel and to the Rule 202 petition, a motion to quash the motion to compel, and a motion for protective order. Elliott set the motion to quash and the motion for protective order for an hour-and-a-half-long hearing on April 28, 2016. On March 10, John Doe 1, who identifies himself as "an author, publisher, and/or distributor who utilizes PumpStopper.com," filed a TCPA motion to dismiss both MagneGas's Rule 202 petition and its motion to compel Elliott's deposition. *See* Tex. Civ. Prac. & Rem. Code § 27.003. In his TCPA motion to dismiss, Doe asserts that MagneGas's Rule 202 petition and motion to compel "both are based on, related to, or in response to John Doe 1's exercise of his right of free speech and the rights of free speech of other potential

3

defendants and adverse parties." Doe also filed a notice of joinder in Elliott's motion to quash and motion for protective order. Doe set his motion to dismiss and motions to quash and for protective order for hearing on April 28 at the same time that Elliott's motions were set.

The day after Doe filed his TCPA motion to dismiss, the district court held a short, non-evidentiary hearing on MagneGas's motion to compel. The district court considered MagneGas's Rule 202 petition at the hearing after MagneGas acknowledged it had not yet been given permission to depose Elliott under Rule 202. Elliott's counsel informed the district court of the pending motions to quash and for protective order, as well as Doe's pending TCPA motion to dismiss, and asked the court to wait and consider the merits and all the issues at once during the April 28 hearing, which would be a longer evidentiary hearing. After considering the parties' arguments only on the Rule 202 petition, the district court granted MagneGas's Rule 202 petition and ordered Elliott's deposition "relating only to the attached [December 21, 2015] article by Pumpstopper" to occur on a mutually agreeable date within 30 days.

On April 1, MagneGas filed a motion to compel Elliott's compliance with the Court's March 11 order on its Rule 202 petition and set the motion to compel for hearing on April 8. On April 6, Elliott filed his petition for writ of mandamus with this Court and an emergency motion for temporary relief. This Court granted the emergency motion on April 7, staying all proceedings pending further order of this Court.

**ANALYSIS**

Elliott challenges the district court's order on MagneGas's Rule 202 petition, raising six issues, five that relate to the Rule 202 petition and one that asserts the order violates the TCPA's

4

discovery stay. We turn to the issue of the TCPA discovery stay because it is dispositive of Elliott's petition for mandamus.

**Standard of review**

We review the district court's order granting the Rule 202 petition for presuit discovery for an abuse of discretion. *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]). To obtain the extraordinary remedy of mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

An improper order under Rule 202 may be set aside by mandamus. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam). When discovery is sought from a potential defendant in a contemplated lawsuit, Rule 202 orders have been considered ancillary to the possible subsequent suit and thus neither final nor appealable.[1] *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); *In re Hewlett Packard*, 212 S.W.3d at 360 (holding mandamus was proper method for seeking review of Rule 202 order on petition to investigate claims against potential defendants); *see also IFS Sec. Grp. v. American Equity Ins. Co.*, 175 S.W.3d 560, 562-65 (Tex. App.—Dallas 2005, no pet.) (interpreting case law under prior civil-procedure rule allowing

---

[1] In contrast, Rule 202 orders granting discovery from third parties against whom suit is not anticipated are final and appealable because the Rule 202 petitioner does not seek or contemplate further relief from those third parties. *See In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (orig. proceeding).

bill of discovery, which was predecessor to Rule 202.1(b) procedure allowing discovery to investigate potential claim). Here, although MagneGas's petition states that it is investigating a potential claim (as opposed to seeking to perpetuate testimony in an anticipated suit), the petition also states that MagneGas is investigating a potential claim *against the authors, publishers, and distributors of the allegedly false and misleading information*. Elliott is a potential defendant because MagneGas alleges that the Pumpstopper.com website is registered to him and that the website created, published, or distributed the allegedly false and misleading information. In addition, the petition states that MagneGas would benefit from the knowledge "that bringing a lawsuit against those individuals [affiliated with the Pumpstopper or Pumpstopper.com] is warranted." MagneGas acknowledges in its mandamus response that it seeks "to investigate claims *against the deponent.*" Therefore, the district court's Rule 202 order is neither final nor appealable, and if Elliott can show a clear abuse of discretion, mandamus relief is proper. *See In re Wolfe*, 341 S.W.3d at 933; *In re Jorden*, 249 S.W.3d at 419-20.

An abuse of discretion occurs when the trial court's decision is so arbitrary and unreasonable that it amounts to clear and prejudicial error of law or if the trial court clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. A trial court has no discretion in determining what the law is or applying the law to the facts of the case, even if the law is somewhat unsettled. *In re Jorden*, 249 S.W.3d at 424.

**Statutory overview**

Texas Rule of Civil Procedure 202.1(b) permits a person to petition a trial court for an order authorizing the taking of depositions before a suit is filed in order "to investigate a potential

6

claim or suit." Tex. R. Civ. P. 202.1(b). Rule 202 depositions are not intended for routine use. *In re Jorden*, 249 S.W.3d at 423. "Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d at 933. The trial court "must order a deposition to be taken if, but only if, it finds that . . . the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a)(2).

Whether a motion to dismiss under the Texas Citizens Participation Act may be considered in a Rule 202 proceeding is an issue of first impression presented by this petition for writ of mandamus.[2] The purpose of the Act is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. The Act is to "be construed liberally to effectuate its purpose and intent fully," but it "does not abrogate or

---

[2] The only other appellate court that has considered issues implicating both Rule 202 and the TCPA is our sister court in Dallas. *Watson v. Hardman*, No. 05-15-01355-CV, ___ S.W.3d ___, 2016 WL 3626091 (Tex. App.—Dallas, July 6, 2016, no pet.) (considering appeal from trial court's denial of TCPA motion to dismiss). In *Watson*, the TCPA motion to dismiss was filed in a separate lawsuit, not in the Rule 202 proceeding. *Id.* at *1-2. The TCPA movant sought to dismiss the plaintiffs' defamation claims against him, asserting that their claims were based on his TCPA-protected right to petition because they were based in part on statements made by the movant in a Rule 202 petition. The court of appeals held that the TCPA movant carried his burden of showing that the nonmovants' defamation claims were based on his protected right to petition. *Id.* at *3-4. The court concluded that a Rule 202 petition is a "communication in or pertaining to . . . a judicial proceeding" within the meaning of the Act, and therefore, the movant's Rule 202 petition was an exercise of his right to petition. *Id.* at *3. The court also determined that the nonmovants' claims based on the movant's Rule 202 petition should have been dismissed by the trial court because they were barred by his defense of the absolute privilege that protects communications made in the course of judicial or quasi-judicial proceedings. *Id.* at *6.

7

lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011.

A key component of the TCPA is the provision of a mechanism for early dismissal of "legal actions" that are based on a party's exercise of the right of free speech, the right to petition, or the right of association. *Id.* § 27.003; *see also id.* § 27.001(2)-(4) (defining "exercise of the right of association," "exercise of the right of free speech," and "exercise of the right to petition"). Section 27.003 allows a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a). A "legal action" is defined very broadly in the TCPA and means "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6).

The Act contemplates that the "court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right of free speech . . . ." *Id.* § 27.005(b). The Act then shifts the burden to the nonmovant, allowing the nonmovant to avoid dismissal of the legal action only by "establish[ing] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). The court may allow specified and limited discovery relevant to the motion on a showing of good cause, but

otherwise "all discovery in the legal action is suspended until the court has ruled on the motion to dismiss." *Id.* §§ 27.003(c), .006(b).

**Effect of Doe's TCPA motion on the Rule 202 proceeding**

Elliott asserts that Doe timely filed his motion to dismiss under the TCPA and that the filing of his motion stayed all discovery in the Rule 202 proceeding. MagneGas responds that Doe waived his motion by failing to timely set it for hearing and by failing to prosecute it and that the Act has no application to a Rule 202 petition.[3]

We first consider whether Doe timely set his motion for hearing. Section 27.003 of the Act requires that "[a] motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b); *see also James v. Calkins*, 446 S.W.3d 135, 142 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that voluntarily appearing party was not precluded from filing TCPA motion to dismiss). MagneGas filed its Rule 202 petition on January 22, 2016, but it did not serve Elliott with the petition until February 23, 2016, when it served him with its motion to compel to which it attached the petition as an exhibit. *See* Tex. R. Civ. P. 202.3(a) (requiring service of petition and notice of hearing to comply with Rule 21a); *id.* R. 21a (establishing requirements for service by mail). Doe filed his motion to dismiss on March 10, 2016, and served it on MagneGas that same day—16 days after Elliott was served with the Rule 202 petition.

Section 27.004 of the Act establishes that:

---

[3] The parties only address whether the Act should apply to MagneGas's Rule 202 petition; they do not address its application to MagneGas's motion to compel.

9

A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c) [allowing hearing to occur no later than 120 days after service of the motion if the court allows discovery under Section 27.006(b)].

Tex. Civ. Prac. & Rem. Code § 27.004(a), (c). Doe first set the motion to dismiss for hearing on March 30, which is only 20 days after he served MagneGas with the motion. He later amended the notice of hearing, setting the motion to dismiss for hearing at the same time as Elliott's motions (which Doe had joined) that were set for hearing on April 28—only 49 days after March 10. Consequently, Doe's hearing date of April 28 was timely under the Act.

MagneGas further argues that "Doe has done absolutely nothing to prosecute" the motion to dismiss because "he has submitted no affidavit stating the factual bases for his claimed privilege under [Section] 27.006(a), he has sought no discovery under [Section] 27.006(b), and he has wholly failed to present his motion to [the district court] or to obtain any ruling on it." None of these criticisms are valid. Under Section 27.006(a) of the Act, the trial court may consider pleadings when determining whether to dismiss a legal action—the Act does not require a movant to present testimony or other evidence to satisfy his evidentiary burden. *See In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015) ("[T]he court is to consider the pleadings and *any* supporting and opposing affidavits" when considering dismissal. (emphasis added)); *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.). Similarly, while Section 27.006(b) of the Act provides that "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow

10

specified and limited discovery relevant to the motion," nothing in the Act requires a party to seek discovery relevant to the motion. Tex. Civ. Prac. & Rem. Code § 27.006(b). And as discussed above, Doe timely set his motion for hearing; the hearing was stayed, along with all other proceedings, when we granted Elliott's motion for temporary relief on April 7. Accordingly, we conclude that Doe has not waived his motion to dismiss.

The crux of the matter here is whether Doe's filing of a TCPA motion to dismiss stayed all discovery in the Rule 202 proceeding. MagneGas argues that this Court should find that the TCPA has no application to a Rule 202 proceeding. MagneGas contends that the TCPA's purpose is to "dispose of lawsuits," that a Rule 202 petition is not a lawsuit, and that we should construe the word "petition" in the TCPA to mean a pleading that asserts a "cause of action" or a "claim."

We review issues of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we seek first and foremost in the text of the statute. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). The plain meaning of the text is the best expression of legislative intent, unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). We must apply the statute as written. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) (per curiam).

On its face, the Rule 202 petition fits the description of covered filings under the TCPA—i.e., it is a petition or other judicial pleading or filing that seeks legal or equitable relief

11

against Elliott—a presuit deposition—to enable MagneGas to investigate potential claims against the authors, publishers, and distributors of statements that MagneGas alleges are false and misleading, including Doe. *See* Tex. Civ. Prac. & Rem. Code § 27.001(6). MagneGas asserts in the Rule 202 petition that if MagneGas confirms that the individuals affiliated with the PumpStopper or PumpStopper.com are publishing false and misleading information about MagneGas, MagneGas will know "that bringing a lawsuit *against those individuals* is warranted." (Emphasis added.) At the hearing on the Rule 202 petition, MagneGas stated it needs to identify these parties and that its claims could include defamation, market manipulation, and securities fraud.

The TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to . . . speak freely . . . to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. The Act accomplishes its purpose by providing a mechanism for early dismissal of "legal actions" that are based on a party's exercise of the right of free speech. *Id.* § 27.003. Doe alleges that his exercise of the right of free speech is the basis for MagneGas's Rule 202 petition seeking to depose Elliott to discover from him Doe's identity, which Doe asserts would violate Doe's First Amendment right to anonymous free speech.[4] Doe's TCPA motion to dismiss suffices to invoke the Act. The ***merits*** of Doe's TCPA motion to dismiss—including whether Doe is the proper movant within the statutory

---

[4] "Exercise of the right of free speech" means "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). "'Matter of public concern' includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7).

12

framework of the TCPA; whether the Rule 202 petition seeking to depose Elliott to discover Doe's identity is a legal action "against the movant"; whether, Doe, as movant, can show "by a preponderance of the evidence that the legal action [against him] is based on, relates to, or is in response to the party's exercise of . . . the right of free speech . . . ."; and whether MagneGas can avoid dismissal by "establish[ing] by clear and specific evidence a prima facie case for each essential element of the claim in question"—are not before this Court because the district court has not yet heard or ruled on Doe's TCPA motion. *Id.* § 27.005(b)-(c).

MagneGas argues that we should construe the word "petition" as used in the definition of a "legal action" as the state-court analogue of a federal "complaint," meaning a pleading that asserts a "cause of action" or a "claim" because this reading would be consistent with MagneGas's view that the purpose of the statute is to dispose of lawsuits.[5]  Based on the language of the TCPA, MagneGas's reading of the definition of "legal action" is too narrow.  The Act broadly defines a "legal action" as "a lawsuit, cause of action, *petition*, complaint, cross-claim, or counterclaim or *any other judicial pleading or filing that requests legal or equitable relief*." *Id.* § 27.001(6) (emphasis added).

Rule 202 requires a person seeking an order from the trial court for a presuit deposition to file a "petition." *See* Tex. R. Civ. P. 202.1 ("A person may petition the court for an

---

[5] MagneGas derives its construction of the Act's purpose from the supreme court's statement in *In re Lipsky* that "[t]he TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits."  460 S.W.3d 579, 589 (Tex. 2015).  The supreme court's statement was made in an appeal from a lawsuit, and the definition of a "legal action" under the Act was not at issue in that case.  The court's paraphrase of the Act's purpose does not override the statutory definition of a "legal action."

13

order authorizing the taking of a deposition on oral examination or written questions . . . .); *id.* R. 202.2 (entitled "Petition"; establishing requirements for petition); *id.* R. 202.3 ("[T]he petitioner must serve the petition . . . ."); *see also Black's Law Dictionary* 1261 (9th ed.) ("Petition" means "formal written request presented to a court or other official body . . . ."). When construing the Act, we presume that the Legislature included each word in the statute for a purpose and that the Legislature promulgated the definition of a "legal action" in the Act with an awareness of the Texas Rules of Civil Procedure, including Rule 202's provision for the filing of a "petition."[6] Furthermore, the history of the Rule demonstrates that the Rule 202 "petition" is also a judicial pleading or filing that requests equitable relief.

The genesis of Rule 202 is in equity. Rule 202 incorporates two repealed Rules. *See In re Doe (Trooper)*, 444 S.W.3d 603, 605 (Tex. 2014). Repealed Rule 737 provided for a bill of discovery, which was originally an English common-law equitable device for obtaining discovery from an opposing party in a pending suit by filing the bill in chancery (a court of equity). *Id.* at 606-07 & nn.10-14 (addressing repealed Rule 737 and bills of discovery). Repealed Rule 187 also derived from an English common-law equitable proceeding to perpetuate testimony in imminent danger of being lost, typically by the death or departure of the witness. *See Trooper*, 444 S.W.3d at 605-06 & nn.8-9 (addressing repealed Rule 187 and proceedings to perpetuate testimony); *see also*

---

[6] *See* Tex. Gov't Code § 22.004(a)-(d) (establishing that supreme court has full rulemaking power concerning practice and procedure in civil actions and that rules and amendments remain in effect unless and until disapproved by Legislature); *In re M.N.*, 262 S.W.3d 799, 802-03 (Tex. 2008) (construing statute in light of Legislature's knowledge of related rules of civil and appellate procedure); *see also American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001) (noting that we presume Legislature had full knowledge of existing condition of the law when enacting statutes).

14

Elton M. Montgomery, Note, *Evidence—Proceeding to Perpetuate Testimony—Ramsey v. Garner, 279 S.W.2d 584 (Tex. Sup. 1955)*, 34 Tex. L. Rev. 319, 319 (1955) ("The bill to perpetuate testimony was originally an independent suit in equity to aid a future suit in the courts of law."). Before Rule 202.1(b) incorporated repealed Rule 737, relief by a bill of discovery was to be granted "in accordance with the usages of courts of equity [and] [s]uch remedy shall be cumulative of all other remedies." *Trooper*, 444 S.W.3d at 606-07 & n.11. Thus, the relief sought by a Rule 202 petition investigating a potential claim or suit is an equitable remedy.[7] In addition, Black's Law Dictionary defines "relief" as "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance) that a party asks of a court"; it defines "benefit" as "[a]dvantage; privilege." *Black's Law Dictionary* 178, 1404 (9th ed. 2009). A trial court's grant of a Rule 202 petition ordering a person to be deposed before a suit is filed provides a party with a benefit that it would not otherwise be entitled to receive.

In addition, the Texas Supreme Court, in the context of considering whether the statute limiting discovery in health-care lawsuits precludes Rule 202 presuit depositions, has recognized that a "'cause of action' relates to facts, whether or not suit is ever filed." *In re Jorden*, 249 S.W.3d at 421-22 (holding that statute that specifically applies to "a cause of action against a

---

[7] The Restatement (Third) of Restitution and Unjust Enrichment explains that "[i]n restitution as elsewhere, equitable remedies may be distinguished from legal ones because they order the defendant to do something . . . ." *See* Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011); *see also* Lonny Sheinkopf Hoffman, *Access to Information, Access to Justice: the Role of Presuit Investigatory Discovery*, 40 U. Mich. J.L. Reform 217, 227-35 (2007) (describing development of Federal Rules of Civil Procedure and the Rules' eventual limitations on "an independent equitable action" for the purpose of discovery). In the case of a Rule 202 petition, the equitable remedy sought is an order requiring a potential defendant or third party to give a presuit deposition.

health care provider" applies both before and after a cause of action is filed and therefore precludes Rule 202 depositions to investigate potential claims against health-care providers). MagneGas's Rule 202 petition asserts a set of facts giving rise to its potential claims. For all these reasons, the TCPA's broad definition of "legal action" encompasses MagneGas's Rule 202 petition.

Furthermore, the Act's plain language provides that although the court may allow specified and limited discovery *relevant to the TCPA motion to dismiss* on a showing of good cause, otherwise "all discovery in the legal action is suspended until the court has ruled on the motion to dismiss." Tex. Civ. Prac. & Rem. Code §§ 27.003(c), .006(b). The district court's order granting MagneGas's Rule 202 petition was not the "specified and limited discovery *relevant to the [TCPA] motion [to dismiss]*" that the Act contemplates. *Id.* § 27.006(b) (emphasis added). The district court had no discretion to order a deposition based on MagneGas's Rule 202 petition before ruling on Doe's TCPA motion to dismiss, and consequently, we will conditionally grant Elliott's petition for writ of mandamus. Because we conclude that the TCPA requires a stay of all discovery until the district court rules on Doe's motion to dismiss, we need not reach Elliott's other issues related to the Rule 202 petition.

Our discussion of the TCPA and its standards is specifically limited to the issues of whether Doe's motion to dismiss invokes the Act and whether the Act operates to stay discovery in a Rule 202 proceeding until the motion to dismiss is ruled upon. As previously mentioned, our discussion should not be interpreted as a comment on the merits of Doe's motion to dismiss. We

16

conclude only that Doe's motion to dismiss invokes the TCPA, and accordingly, Doe's motion to dismiss stays all discovery in the Rule 202 proceeding until the district court rules on the motion to dismiss.

**The concurrence**

The concurrence suggests that the district court should have put aside the process set forth in the TCPA and instead engaged in an admittedly "unsettled" analysis to require a "threshold showing" when faced with a First Amendment objection raised in the Rule 202 proceeding below. Slip op. at 1-5. Citing to dicta in *In re Does 1-10*, 242 S.W.3d 805, 820-23 (Tex. App.—Texarkana 2007, orig. proceeding), the concurrence would conclude that this "threshold showing" is a precondition to unmasking anonymous speakers, thus providing a basis for the district court to avoid addressing the TCPA motion to dismiss that is the subject of this mandamus petition. We do not agree that *In re Does 1-10*, which predates the TCPA, mandates some "threshold showing" that would preempt the more settled framework of the TCPA now in place.

The concurrence also urges that including Rule 202 petitions in the Act's definition of a "legal action" is incompatible with TCPA Sections 27.005 and 27.006. Slip. op. at 18-21. Contrary to the concurrence's suggestion, however, the process established for a trial court's consideration of a TCPA motion to dismiss can be applied in the context of a Rule 202 petition, construing the statute liberally as we have been instructed. *See* Tex. Civ. Prac. & Rem. Code § 27.011(b). The concurrence's concern over language in the TCPA referring to the "essential element of the claim" and the need to state facts on which the "liability" or "defense" is based deconstructs the Act at the expense of its plain meaning and the Legislature's intent, which is to

17

safeguard citizens' rights to participate and speak freely by preventing the legal system from being used offensively to chill those rights.

In the Rule 202 proceeding here, MagneGas seeks Doe's identity from Elliott, which Doe asserts in his TCPA motion impinges on Doe's right of anonymous free speech. If Doe can show that MagneGas's Rule 202 petition seeking to discover Doe's identity from Elliott is a legal action against Doe and by a preponderance of the evidence that MagneGas's petition "is based on, relates to, or is in response to" Doe's exercise of the right of free speech—issues that the district court must consider before we may—the burden shifts to MagneGas to establish by clear and specific evidence a prima facie case for each essential element of "the claim in question," which Doe asserts in his motion to dismiss is "the challenged claim" of defamation that MagneGas seeks to investigate against Doe.[8] *See* Tex. Civ. Prac. & Rem. Code § 27.005(b)-(c). In addition, if Doe establishes by a preponderance of the evidence each essential element of a valid defense to defamation, the district court shall dismiss the Rule 202 petition seeking to investigate those claims against Doe. *See id.* § 27.005(d).

When hearing the TCPA motion to dismiss, in addition to the motion, the district court must "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). The concurrence asserts that this language is incompatible with a Rule 202 petition because the petition seeks a deposition to investigate or

_____

[8] We note that MagneGas did not specify the potential claims it seeks to investigate in its Rule 202 petition. It only indicated that its claims could include market manipulation and securities fraud at the hearing on the Rule 202 petition. We take no position on the merits of Doe's ability to challenge those additional potential claims.

18

preserve evidence that may be relevant to a liability or defense, not to impose liability or assert a defense. Slip. op. at 20. As explained above, however, in addition to Doe's motion to dismiss, the district court will have before it the Rule 202 petition asserting the set of facts giving rise to the potential claims MagneGas seeks to investigate. Both these documents state the facts on which the liability for or defense to the potential claims is based, and the language of the Act also permits both parties to submit supporting and opposing affidavits.[9] *See* Tex. Civ. Prac. & Rem. Code § 27.006(a).

In avoiding application of the TCPA's framework, the concurrence continues to strain against the broad wording of the TCPA, digging deeper[10] and deeper[11] to interpret the TCPA in a way that seems to ignore its plain and broad language—language intended to prevent the use of litigation, including depositions ordered under Rule 202, to discourage public participation through the exercise of protected rights like free speech. The concurrence's interpretation provides no clarity to the parties or the district court and serves only to make a complicated area of Texas law more complicated. In the Rule 202 context, on the record presented in this case, Doe's asserted right of

---

[9] Application of the TCPA process in a Rule 202 proceeding, as in a lawsuit, may require the party seeking equitable relief to provide more than "mere notice pleading." *See In re Lipsky*, 460 S.W.3d at 590-91 (explaining that pleadings that might suffice to meet the notice-pleading standard in a non-TCPA case may not be enough to satisfy the TCPA's clear-and-specific evidentiary requirement). The party "must provide enough detail to show the factual basis for its claim," or in a Rule 202 proceeding, its potential claim. *See id.* at 591. As the supreme court commented in the Rule 202 context, when holding that the Rule 202 petitioner and potential plaintiff must bear the burden of pleading allegations showing personal jurisdiction over a potential defendant, "[w]e recognize that this burden may be heavier in a case like this . . . . [b]ut even so, Rule 202 does not guarantee access to information for every petitioner who claims to need it." *In re Doe (Trooper)*, 444 S.W.3d 603, 610 (Tex. 2014).

[10] *See Serafine v. Blunt*, 466 S.W.3d 352, 377 & n.66 (Tex. App.—Austin 2015, no pet.) (Pemberton, J., concurring).

[11] Slip. op. at 13.

19

anonymous free speech can best be balanced with MagneGas's right to file a meritorious lawsuit by requiring the district court to hear the TCPA motion to dismiss before ordering a presuit deposition.

## CONCLUSION

Having concluded that the TCPA stays all discovery until the trial court rules on a motion to dismiss filed under the Act, we conditionally grant Elliott's petition for writ of mandamus and direct the district court to vacate its March 11, 2016 order on MagneGas's Rule 202 petition. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to comply. We also lift the stay of the underlying proceedings. *See id.* R. 52.10(b).

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland
  Concurring Opinion by Justice Pemberton

Filed:   October 7, 2016

20